01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH JENSEN,                          )
                                         )
              Petitioner,                )    Case No. C05-0807-TSZ
                                         )
       v.                                )
                                         )
RICHARD MORGAN,                          )    REPORT AND RECOMMENDATION
                                         )
              Respondent.                )
_____  )

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a 28 U.S.C. § 2241 petition for writ of *habeas corpus*. Respondent has filed a response opposing the petition. Following a careful review of the parties' pleadings and the record, the Court recommends that the petition be denied.

## FACTS AND PROCEDURAL HISTORY

On April 17, 2002, petitioner was convicted by a jury in Snohomish County Superior Court on one count of second-degree murder with a deadly weapon (firearm). Dkt. No. 14, Ex. 2. Petitioner shot his neighbor following a long history of animosity. Dkt. No. 14, Ex. 6. Petitioner was sentenced to 195 months of confinement and is presently incarcerated at the Washington State Penitentiary in Walla Walla. Dkt. No. 14, Ex. 2; Dkt. No. 4.

REPORT AND RECOMMENDATION
PAGE -1

01        A.      Direct Review Proceedings

02        Petitioner appealed his conviction to the Washington Court of Appeals.  Dkt. No. 14,

03  Ex. 4.  He argued that his conviction should be vacated under *In re: Andress,* 147 Wash. 2d

04  602 (2002),[1] that the court had misstated the requirements of self defense in the jury

05  instructions, and that the trial court erred by allowing the prosecutor to argue petitioner had a

06  duty to warn his victim prior to shooting him.  Dkt. No. 14, Ex. 4.  On March 14, 2005, in an

07  unpublished *per curiam* decision, the Washington Court of Appeals agreed with petitioner's

08  first argument and reversed his conviction.  Dkt. No. 14, Ex. 6.  The court, however,

09  remanded the case to the trial court to determine whether the State should be allowed to bring

10  different charges in a manner consistent with the State's mandatory joinder rule.[2]  *Id.*   The

11  court issued its mandate on June 10, 2005.  Dkt. No. 18.

12        B.      State Collateral Review

13        While petitioner's direct appeal was pending, he filed a filed variety of documents with

14  the Snohomish County Superior Court designed to vacate his sentence.  Dkt. No. 14, Ex. 9.

15  On April 17, 2003, the court transferred those documents to the Court of Appeals, which

16  construed them as a personal restraint petition ("PRP").  *Id.*  On June 2, 2003, the Court of

17  Appeals stayed consideration of the PRP pending the Washington Supreme Court's decision in

18  *In re: Hinton.*  152 Wash. 2d 853 (2004) (en banc) (granting personal restraint petitions based

19

20  _____

21        [1]In *In re: Andress*, the Washington Supreme Court held that an assault cannot serve as
    the predicate felony for a second-degree felony-murder conviction.  147 Wash. 2d 602 (2002).

22        [2]The Court of Appeals addressed petitioner's other two arguments as well, but only to
23  provide guidance if the trial court allowed the State to bring new charges.  It found that the
    trial court had erred when it attempted to clarify for the jury the definition of "ordinary
24  battery," but did not determine whether the error was harmless because it vacated the
    conviction on *Andress* grounds.  In addition, the court rejected petitioner's argument that the
25  trial court erred by permitting the prosecutor to argue he had a duty to warn.   Dkt. No. 14,
26  Ex. 6.  The Court of Appeals denied petitioner's motion to reconsider.  Dkt. No. 14, Exs. 7,
    8.

REPORT AND RECOMMENDATION
PAGE -2

01  on *Andress*);  Dkt. No. 14, Ex. 10.  Petitioner has subsequently filed several addenda to his

02  petition, but to date, the stay has not been lifted and no decision has yet been rendered on his

03  PRP.  Dkt. No. 14, Ex. Nos. 11-16.

04  <u>CLAIMS FOR RELIEF</u>

05  Petitioner argues that remanding his case for further proceedings, including a potential

06  trial under different but related charges, violates his right to avoid double jeopardy.  Dkt. No.

07  4.  He argues that, following the Court of Appeals decision to vacate his sentence, all charges

08  should have been dismissed with prejudice.  *Id.*  Respondent argues that petitioner has not

09  properly exhausted his state remedies and that this Court should abstain from considering the

10  matter until the Washington courts have had a sufficient opportunity to hear petitioner's

11  claims.  Dkt. No. 12.  Respondent also argues that petitioner's claims lack merit.  *Id.*

12  <u>DISCUSSION</u>

13  A.      <u>Petitioner's Claims Are Properly Raised Under 28 U.S.C. § 2241.</u>

14  While 28 U.S.C. § 2254 provides jurisdiction for district courts to issue writs of habeas

15  corpus on behalf of persons "in custody pursuant to the judgment of a state court[,]" that

16  statute does not apply where, as here, the state-court judgment has been vacated.  *Stow v.*

17  *Murashige*, 389 F.3d 880, 885 (9th Cir. 2004).  For prisoners whose judgments have been

18  vacated and who remain in custody, petitions for a writ of *habeas corpus* are properly brought

19  pursuant to 28 U.S.C. § 2241.  *Id.*  Section 2241 authorizes a general grant of *habeas*

20  authority that should be applied when, for instance, a defendant raises a double-jeopardy claim

21  and is being held pending retrial.  *Id.* at 886.

22  In this case, petitioner has filed this petition for habeas corpus pursuant to 28 U.S.C.

23  § 2241.  Because he is being held at the state penitentiary in Walla Walla following the Court

24  of Appeals' decision to vacate his state-court sentence, § 2241 is the proper vehicle for his

25  petition.  The deferential standards of the Antiterrorism and Effective Death Penalty Act of

26  1996 therefore do not apply.  *Murashige*, 389 F.3d at 888.

REPORT AND RECOMMENDATION
PAGE -3

B.    Petitioner Has Not Demonstrated That He Has Properly Exhausted His Claims.

Section 2241 does not explicitly require petitioners to exhaust their state court remedies before pursuing a writ of *habeas corpus* in federal court.[3]  Nevertheless, federal courts require, as a matter of prudence and comity, that petitioners "exhaust available judicial and administrative remedies before seeking relief under § 2241."  *Castro-Cortez v. Immigration and Naturalization Service*, 239 F.3d 1037, 1047 (9th Cir. 2001).  This requires a petitioner to exhaust "all available state court [remedies]" before filing.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491 (1973).  This judicially created rule preserves the role of state courts and ensures their ability to administer justice without unnecessary intrusion by federal *habeas* proceedings.  *Id.* at 490-91.

Here, petitioner has not exhausted his state-court remedies.  According to the record before the Court, petitioner has filed a PRP with the Washington Court of Appeals that essentially raises the same issues, including his double-jeopardy claim, and that seeks the same relief as his current petition.[4]  Dkt. No 14, Ex. 14.  The Washington Court of Appeals, however, has not yet issued a decision on petitioner's PRP.  Dkt. No. 14, Ex. 18.  As a result, Washington State courts have not yet had an opportunity to consider fairly the merits of

---

[3]The need to exhaust state court remedies is clearly established in the context of 28 U.S.C. § 2254 petitions.  *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). A petitioner can satisfy the exhaustion requirement by either fairly and fully presenting each of his federal claims to the state's highest court, or demonstrating that no state remedies are available to him.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A petitioner fairly and fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle, and by providing the *proper factual and legal basis for the claim*."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (emphasis added) (internal citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (indicating that exhaustion requires petitioners to make "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.").

[4]Petitioner has not yet presented his claims to the Washington Supreme Court in any direct or collateral-review proceedings.

REPORT AND RECOMMENDATION
PAGE -4

01  petitioner's claims.  Petitioner has not demonstrated why, in light of ongoing state-court

02  proceedings, a federal court should intervene at this time.

03                                    CONCLUSION

04          Because petitioner's claims have not yet been fully adjudicated by state courts, the

05  Court recommends that petitioner's 28 U.S.C. § 2241 motion be dismissed without prejudice.

06  A proposed order accompanies this Report and Recommendation.

07          DATED this 6th day of September, 2005.

08

09                                              *James P. Donohue*

10                                              JAMES P. DONOHUE
                                                United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -5